IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRANCISCO BIETA AND MARIA BIETA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| | § | JURY |
| ALLSTATE TEXAS LLOYD'S AND CHRISTOPHER W. FORD, | § § § | |
| Defendants. | § § | |

NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Texas Lloyd's ("Allstate") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

On or about January 6, 2010, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Francisco Bieta and Maria Bieta v. Allstate Texas Lloyd's and Christopher W. Ford,* Cause No. 55660, in the 412th Judicial District Court of Brazoria County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowners insurance policy with Allstate Texas Lloyd's following Hurricane Ike. Allstate's registered agent received the citation and petition on January 29, 2010. Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b). Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Brazoria County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and

orders, a certified copy of the docket sheet, and a copy of Defendant Allstate Texas Lloyd's Answer to Plaintiffs' Original Petition. Attached hereto as Exhibit "C" is the Designation of Counsel.

*Basis for Removal*

2.   Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship. The Plaintiffs are alleged to be residents of the State of Texas. With respect to Defendant, Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and Virginia.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois and Virginia. Defendant Christopher W. Ford is alleged to be a resident of Alabama.

3.   In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

[2] "Fifth Circuit jurisprudence is equally clear." *See Massey*, 993 F.Supp. at 570 *(citing International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997), and others).

in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

4. Plaintiffs' claims are centered on Allstate's alleged failure to pay the full proceeds of Plaintiffs' policy necessary to make repairs to Plaintiffs' dwelling. Plaintiffs' dwelling policy limit alone is $280,515. *See* Exhibit "D". In addition to this amount, Plaintiffs, as stated in Plaintiffs' Original Petition, also seek damages for violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing as well as mental anguish, court costs, actual and exemplary damages, interest, attorneys' fees and penalties, including statutory treble damages under the Texas Insurance Code. *See* TEX. INS. CODE. ANN. § 541.152 (Vernon Pamp. 2005-06) (allowing for the trebling of damages). Clearly, the amount in controversy in this case exceeds the jurisdictional requirements.

*The Removal is Procedurally Correct*

5. Allstate was first served with the petition on January 29, 2010. Allstate files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

6. The consent of Christopher W. Ford is not required in this case as he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

7. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

8. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

9. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

10. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Brazoria County Court, promptly after Allstate files this Notice.

Respectfully submitted,

*Roger D. Higgins* w/ permission *Dan'l P. B.*
Roger D. Higgins
State Bar No. 9601500
Southern District No. 33282
Attorney-in-charge

Jacquelyn Chandler
State Bar No. 24001866
Southern District No. 23913

Daniel P. Buechler
State Bar No. 24047756
Southern District No. 611489

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:   (214) 871-8200
Fax:              (214) 871-8209
rhiggins@thompsoncoe.com

Jay Scott Simon
State Bar No. 24008040
Southern District No. 31422

THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiffs, Rene Sigman, THE MOSTYN LAW FIRM, 3810 W. Alabama, Houston, 77027 on the 1st day of March, 2010.

Daniel P. Buechler

NOTICE OF REMOVAL – PAGE 5

1498408v1
03642-001